**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF WISCONSIN**

|  |  |
|---|---|
| WISCONSINITES FOR ALTERNATIVES TO SMOKING AND TOBACCO, INC.; JHH 5 BROTHERS, LLC d/b/a DISTRO GUYS WHOLESALE; TRUVIBE INC. d/b/a THE SUPPLY PLUS; JOHNNY VAPES, LLC; VISFOT, INC. d/b/a NARA SMOKE SHOP; WAGES AND WHITE LION INVESTMENTS, LLC d/b/a TRITON DISTRIBUTION; KURT WYLIE; and GERMAINE CARMODY,<br><br>Plaintiffs,<br><br>v.<br><br>DAVID CASEY, Secretary of the Wisconsin Department of Revenue, in his official capacity,<br><br>Defendant. | Case No. 3:25-cv-552-wmc<br><br>**MOTION TO FILE REPLY BRIEF IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION** |

Plaintiffs Wisconsinites for Alternatives to Smoking and Tobacco, Inc., JHH 5 Brothers, LLC d/b/a Distro Guys Wholesale, TruVibe Inc. d/b/a The Supply Plus, Johnny Vapes, LLC, Visfot Inc. d/b/a Nara Smoke Shop, Wages and White Lion Investments, LLC d/b/a Triton Distribution, Kurt Wylie, and Germaine Carmody hereby move for leave to file a reply brief in support of their motion for preliminary injunction (ECF No. 15), to be filed no later than July 30, 2025. In support of this motion, Plaintiffs state the following:

1.    Neither the Court's briefing schedule on the motion for preliminary injunction set by text-only order on July 9, 2025, nor the Western District of Wisconsin's Procedure to be Followed on Motions for Injunctive Relief currently provide Plaintiffs with the opportunity to file a reply brief.

2.    Plaintiffs' reply brief would address three of Defendant's arguments: (1) that

1

Plaintiffs do not have Article III standing to bring their claims; (2) that 21 U.S.C. § 337(a)—the FDCA provision which says that only the federal government can enforce the Act—is either rendered inoperative by the Act's preservation/preemption provision for tobacco products, 21 U.S.C. § 387p, or is nevertheless inapplicable to the Wisconsin statute at issue; and (3) that Plaintiffs have not established irreparable harm.

3.     In any event, Plaintiff anticipates that its reply on the three issues mentioned above will help to make the August 1, 2025 hearing on the motion for preliminary injunction more efficient and helpful for the Court.

4.     Granting this request will not delay the proceedings.

5.     Plaintiffs sought the Defendant's consent to this motion. The Defendant opposes this motion.

6.     Accordingly, Plaintiffs respectfully submit that good cause exists to grant leave to file a reply brief.

For these reasons, Plaintiffs respectfully request leave to file a reply brief in support of their motion for a preliminary injunction on or before Wednesday, July 30, 2025.

Dated: July 23, 2025

Kendall W. Harrison
State Bar No. 1023438
Jenna L. Riddle
State Bar No. 1129373
GODFREY & KAHN, S.C.
One East Main Street, Suite 500
P.O. Box 2719
Madison, WI 53701-2719
Phone: 608-257-3911
Fax: 608-257-0609
kharrison@gklaw.com
jriddle@gklaw.com

By:_____/s/ Eric N. Heyer_____
Eric N. Heyer
James Fraser

2

Joseph A. Smith
Anna Stressenger
Ryan D. Callinan
THOMPSON HINE LLP
1919 M Street, NW, Suite 700
Washington, DC 20036
T: (202) 331-8800
F: (202) 331-8330
Eric.Heyer@ThompsonHine.com
Joe.Smith@ThompsonHine.com
James.Fraser@ThompsonHine.com
Anna.Stressenger@ThompsonHine.com
Ryan.Callinan@ThompsonHine.com

*Counsel for Plaintiffs*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 23, 2025, I caused the foregoing to electronically filed via the

Court's ECM/ECF system, and thereby electronically served on all counsel of record.


*/s/ Eric N. Heyer*
Eric N. Heyer