IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

WISCONSINITES FOR ALTERNATIVES TO
SMOKING AND TOBACCO, INC., et al.,

    Plaintiffs,

v.                                        Case No. 3:25-CV-552-wmc

DAVID CASEY, in his official capacity as
Secretary of the Department of Revenue,

    Defendant.

### DEFENDANT'S MOTION TO STRIKE PLAINTIFFS' UNPERMITTED ADDITIONAL BRIEF

Defendant moves to strike Plaintiffs' latest, unpermitted brief, filed August 15, 2025, in support of their preliminary injunction motion. (Dkt. 70.)

1.     Plaintiffs' brief is unpermitted. The briefing schedule in this case provided for no further responses or replies.

2.     Regarding the merits prong of the preliminary injunction analysis, Plaintiffs have had multiple opportunities to argue whether their preemption claim has a likelihood of success. Plaintiffs moved for a preliminary injunction on July 8, 2025. (Dkt. 15–24.) They then moved for a reply, (Dkt. 44), even though the Western District's standing order for preliminary injunction proceedings say that there shall be no reply by the movant. The Court granted

that motion, and Plaintiffs filed a reply on July 30. (Dkt. 45; 47.) On August 1, at the preliminary injunction hearing, the Court heard extensive oral argument on the preemption claim. (Dkt. 48.)

3. Plaintiffs' new, 24-page brief asserts that it "further address[es] the Court's questions at the August 1, 2024 hearing" and "briefly responds" to Defendant's Response to Plaintiffs' additional factual evidence. (Dkt. 70:1.).

4. If Plaintiffs wanted to address a specific question from the Court from the August 1 hearing, they should have identified that question and promptly moved for that opportunity, not waited two weeks and filed an unpermitted second reply brief. And unsurprisingly given the length of the new filing, it makes new arguments and cites cases that were not discussed in their prior briefs, much less hinted at in the Complaint.

5. Regarding Plaintiffs' factual evidence, at the hearing on August 1, Plaintiffs asked to be allowed to present additional evidence in the form of new declarations, which the Court permitted. (Dkt. 48.) The Court's minute order gave Plaintiffs a week, until August 8, to file new declarations, and Defendant three business days, until August 13, to depose any declarants and file a response. (Dkt. 48.) On August 7 and 8, Plaintiffs filed six new declarations, including from two new declarants, with the final declaration submitted on Friday evening, August 8. (Dkt. 51–59.) Defendant hurriedly arranged depositions and filed his response on Wednesday, August 13. (Dkt. 61–69.)

Under the standing rule for preliminary injunction motions, that should be the end of it: Plaintiffs put in their evidence in support, and Defendant responded.

6. Plaintiffs should not be permitted further, unpermitted filings in support of their preliminary injunction motion—especially as their brief contains extensive, new arguments about the law and facts.

7. Defendant asks that Plaintiffs' unpermitted brief (Dkt. 70) be stricken.

Dated this 18th day of August 2025.

    Respectfully submitted,

    JOSHUA L. KAUL
    Attorney General of Wisconsin

    s/ Charlotte Gibson
    CHARLOTTE GIBSON
    Assistant Attorney General
    State Bar #1038845

    LYNN K. LODAHL
    Assistant Attorney General
    State Bar #1087992

    Attorneys for Defendant

Wisconsin Department of Justice
Post Office Box 7857
Madison, Wisconsin 53707-7857
(608) 957-5218 (CG)
(608) 264-6219 (LKL)
(608) 294-2907 (Fax)
Charlie.Gibson@wisdoj.gov
Lynn.Lodahl@wisdoj.gov