UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| WISCONSINITES FOR ALTERNATIVES TO SMOKING AND TOBACCO, INC.; JHH 5 BROTHERS, LLC d/b/a DISTRO GUYS WHOLESALE; TRUVIBE INC. d/b/a THE SUPPLY PLUS; JOHNNY VAPES, LLC; VISFOT, INC. d/b/a NARA SMOKE SHOP; WAGES AND WHITE LION INVESTMENTS, LLC d/b/a TRITON DISTRIBUTION; KURT WYLIE; and GERMAINE CARMODY, | Case No. 3:25-cv-552-wmc  **PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO STRIKE** |
| Plaintiffs, | |
| v. | |
| DAVID CASEY, Secretary of the Wisconsin Department of Revenue, in his official capacity, | |
| Defendant. | |

Plaintiffs oppose Defendant's motion to strike Plaintiffs' supplemental memorandum in support of Plaintiffs' motion for preliminary injunction. ECF No. 71.

1. Plaintiffs oppose Defendant's motion to strike because, as the parties with the burden of proof, Plaintiffs believed it was necessary to file the supplemental memorandum to respond to the new contentions raised by Defendant in his supplemental briefing and to provide the Court with additional authorities concerning what the Court indicated at the August 1, 2025 hearing was its primary concern after reviewing the parties' earlier briefing—the proper interpretation and application of 21 U.S.C. § 387p's preservation and savings clauses to Wisconsin Statutes § 995.15.

2. Ironically, Defendant seeks to strike Plaintiffs' memorandum when Defendant himself filed both five new supplemental declarations and a supplemental brief (ECF No. 61)

1

without permission from the Court or any prior notice to Plaintiffs. ECF Nos. 62-66. Moreover, Defendant raised new arguments through these filings about FDA policy decisions and flavored ENDS products that Defendant did not previously make and to which Plaintiffs had not yet had an opportunity to respond.

3. At the preliminary injunction hearing on August 1, 2025, the Court granted Plaintiffs leave to file their supplemental declarations and permitted Defendant the opportunity to cross examine the additional witnesses by Wednesday, October 13, 2025. Nothing the Court said on August 1, 2025, shows that the Court contemplated allowing Defendant to file additional new declarations of their own, nor a supplemental brief. ECF No. 49 (Preliminary Injunction Hearing Transcript) at 98:1-99:8; 101:17-102:5; 113:3-11.

4. Finally, Plaintiffs had good cause to file their supplemental brief. Defendant has not demonstrated how he is prejudiced by Plaintiffs' filing of their supplemental brief. Both parties have now had an opportunity to make closing arguments in writing after the preliminary injunction hearing.

5. Accordingly, Plaintiffs respectfully request that the Court deny Defendant's motion to strike Plaintiffs' supplemental brief.

Dated: August 18, 2025

                                          Kendall W. Harrison
                                          State Bar No. 1023438
                                          Jenna L. Riddle
                                          State Bar No. 1129373
                                          GODFREY & KAHN, S.C.
                                          One East Main Street, Suite 500
                                          P.O. Box 2719
                                          Madison, WI 53701-2719
                                          Phone: 608-257-3911
                                          Fax: 608-257-0609

kharrison@gklaw.com
jriddle@gklaw.com

By: /s/ Eric N. Heyer
Eric N. Heyer
James Fraser
Joseph A. Smith
Anna Stressenger
Ryan D. Callinan
THOMPSON HINE LLP
1919 M Street, NW, Suite 700
Washington, DC 20036
Phone: (202) 331-8800
Fax:    (202) 331-8330
Eric.Heyer@ThompsonHine.com
Joe.Smith@ThompsonHine.com
James.Fraser@ThompsonHine.com
Anna.Stressenger@ThompsonHine.com
Ryan.Callinan@ThompsonHine.com

*Counsel for Plaintiffs*