IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

Wisconsinites for Alternatives to
Smoking & Tobacco, Inc., et al.,

                 Plaintiffs,　　　　　　　　　OPINION AND ORDER

   v.
　　　　　　　　　　　　　　　　　　　　　　　　25-cv-552-wmc
David Casey,
Secretary of the Wisconsin Department
of Revenue, in his official capacity,
                 Defendant.

On September 5, 2025, this court entered an order denying plaintiffs' motion for a preliminary injunction (dkt. #76) and, on the same day, plaintiffs appealed that decision to the Seventh Circuit. (Dkt. #77.) Plaintiffs have now moved this court to enter a preliminary injunction while their appeal before the Seventh Circuit remains pending (dkt. #79), which is required before seeking relief from that court, Fed. R. App. 8, as well as to expedite the briefing on their motion (dkt. #80). Having already found plaintiffs failed to meet the threshold requirement for preliminary relief by showing a reasonable likelihood of success on the merits, both of plaintiffs' motions will be denied to allow plaintiffs to expedite their seeking a preliminary injunction from the Seventh Circuit.

In their motion for preliminary injunction pending appeal, plaintiffs argue that their likelihood of success on the merits is "good enough" relative to their harm to justify a preliminary injunction while the Seventh Circuit considers their appeal. An injunction pending appeal "is appropriate if the usual criteria for a stay pending appeal are satisfied." *Cavel Int'l, Inc. v. Madigan*, 500 F.3d 544, 546 (7th Cir. 2007). However, this standard parallels the preliminary injunction standard requiring parties seeking to stay an injunction

pending appeal, since both turn on the presence of "a likelihood of success on the merits and a threat of irreparable harm absent a stay." *Camelot Banquet Rooms, Inc. v. United States Small Bus. Admin.*, 14 F.4th 624, 628 (7th Cir. 2021). If satisfied with these threshold issues, the court then considers "the balance of harms, primarily in terms of the balance of risks of irreparable harm in case of a judicial error, and . . . the public interest, which refers primarily to the interests of those who are not parties to the suit." *Id.* (collecting cases).

To demonstrate a likelihood of success on the merits, applicants "must make a strong showing." *Illinois Republican Party v. Pritzker*, 973 F.3d 760, 762 (7th Cir. 2020). A strong showing "does not mean proof by preponderance," but normally must include a demonstration of how the applicant proposes to prove the key elements of its case." *Id.* at 763. In arguing that they have a likelihood of success on the merits here, plaintiffs simply repeat the arguments this court analyzed and found wanting. (Dkt. #76, at 9-20.) For all the reasons stated in its order from September 5, 2025, therefore, the court once again concludes that plaintiffs have failed to establish a reasonable likelihood of success on the merits of their claims.

Despite this court's conclusion, plaintiffs nevertheless maintain that their arguments are "good enough" to justify an injunction pending an expedited appeal because they face significant, irreparable harm. However, the court considered and rejected this argument as well in denying relief. Specifically, plaintiffs rely on language from the Seventh Circuit's decision in *Cavel* justifying the granting of an injunction pending appeal using a "'sliding scale' approach," 500 F.3d at 546-47, one this court has oft relied upon in past situations where irreparability is especially pronounced, but the Seventh Circuit

has since only endorsed such balancing *after* plaintiffs demonstrated a reasonable likelihood of success on the merits. *See Pritzker*, 973 F.3d at 762 ("'A plaintiff seeking a preliminary injunction *must* establish that he is likely to succeed on the merits.'") (quoting *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008) (emphasis added)); *Camelot Banquet*, 14 F.4th at 828 (requiring applicant to show a likelihood of success on the merits before applying any balancing test); *Nat'l Wildlife Refuge Ass'n*, No. 24-1492, slip op. at 2 (7th Cir. May 2, 2025) (staying a preliminary injunction order absent a finding that plaintiffs were likely to succeed on the merits of their claims and despite finding that plaintiffs' harm may be particularly difficult to undo).

Thus, absent a finding that plaintiffs have a reasonable likelihood of success on the merits, no arguments are "good enough" to justify the entry of a preliminary injunction, regardless of the irreparable harm a party may suffer. And, because the court has already found that plaintiffs failed to demonstrate a likelihood of success on the merits, it must deny plaintiffs' motion for a preliminary injunction pending their appeal before the Seventh Circuit.

ORDER

IT IS ORDERED that:

1) Plaintiffs' motion for preliminary injunction pending appeal (dkt. #79) is DENIED.

2) Plaintiffs' motion to expedite briefing for its motion for preliminary injunction pending appeal (dkt. #80) is DENIED as moot.

Entered this 10th day of September, 2025.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge